UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENNETT BELT,<br><br>Defendant. | 3:20-CR-30091-RAL<br><br><br>OPINION AND ORDER DENYING<br>DEFENDANT'S MOTION TO SEVER |

A grand jury charged Defendant Bennett Belt with aggravated sexual abuse of a child (Counts I, II, VII, VIII), sexual abuse of a minor or ward (Counts III, IV, V) and abusive sexual contact (Counts VI). Count I alleges Belt knowingly engaged in and attempted to engage in a sexual act, with J.T.E., a child who had not attained the age of 12 years on or between July 12, 2003 and July 11, 2007 in Ziebach County, South Dakota. Doc. 1-1. Count II alleges Belt knowingly engaged in and attempted to engage in a sexual act, with J.T.E., a child who had not attained the age of 12 years on or between July 12, 2005 and July 11, 2008 in Ziebach County, South Dakota. Doc. 1-1. Count III alleges that Belt knowingly caused and attempted to cause J.T.E., a minor who had attained the age of 12 years, but had not attained the age of 16 years and was at least 4 years younger than Belt, to engage in a sexual act on or about July 12, 2007 in Ziebach County, South Dakota. Doc. 1-1. Count IV alleges that Belt knowingly caused and attempted to cause J.T.E., a minor who had attained the age of 12 years, but had not attained the age of 16 years and was at least 4 years younger than Belt, to engage in a sexual act between July

1

12, 2007 and July 11, 2009 in Ziebach County, South Dakota. Doc. 1-1. Count V alleges that Belt knowingly caused and attempted to cause J.T.E., a minor who had attained the age of 12 years, but had not attained the age of 16 years and was at least 4 years younger than Belt, to engage in a sexual act between July 12, 2009 and July 11, 2011 in Ziebach County, South Dakota. Doc. 1-1. Count VI alleges that Belt knowingly engaged in and attempted to engage in sexual contact with S.J., a minor who had not attained the age of 12 years between June 30, 2015 and September 29, 2017 in Ziebach County, South Dakota. Doc. 1-1. Count VII alleges that Belt knowingly engaged in and attempted to engage in a sexual act with S.J., a child who had not attained the age of 12 years on or between June 30, 2015 and September 29, 2017 in Ziebach County, South Dakota. Doc. 1-1. Count VIII alleges that Belt knowingly engaged in and attempted to engage in a sexual act with S.J., a child who had not attained the age of 12 years on or between June 30, 2016 and September 29, 2017 in Ziebach County, South Dakota. Doc. 1-1. Belt moved for an order to sever the allegations of crimes against J.T.E. contained in Counts I through V from those that alleged crimes against S.J. in Counts VI through VIII under Federal Rule of Criminal Procedure 8(a) and Federal Rule of Criminal Procedure 14. Doc. 55. For the reasons explained below, Belt's motion is denied.

**I. Joinder under Rule 8(a)**

Rule 8(a) provides that a single indictment may charge a defendant in separate counts with multiple offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency. United States v. McCarther, 596 F.3d 438, 441–42 (8th Cir. 2010); see also United States v. Two Hearts, No. CR 12-30108-RAL, 2013 WL 175780, at *1 (D.S.D. Jan. 16, 2013). Courts determine

the propriety of joinder of offenses on the face of the indictment alone. United States v. Mink, 9 F.4th 590, 603 (8th Cir. 2021), reh'g denied (Sept. 29, 2021).

Belt argues that joinder is improper in this case because all of the counts are not "of the same or similar character." Offenses are of the "same or similar character" when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence to each count overlaps." United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979)). "Similar character" means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (alteration in original) (quoting United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (per curiam)).

Counts I through V are properly joined with Counts VI through VIII. To begin with, all eight counts concern allegations that Belt engaged in nonconsensual sexual conduct with the victims for the purpose of gratifying his own sexual desire. Doc. 1-1. Although Belt argues that there are several differences between Count I through V and Counts VI through VIII, the eight counts share enough in common to be considered of "similar character" under Rule 8(a). See Tyndall, 263 F.3d at 850 (upholding joinder of attempted aggravated sexual abuse of thirteen-year-old girl that occurred in a car and involved the use of a knife with attempted aggravated sexual abuse of a sixty-seven-year-old woman that occurred in a house and involved defendant grabbing the woman's arm because both offenses were "impulsive crimes of opportunity where it was alleged that [defendant] had managed to isolate his intended victims"); United States v. Bruguier, No. 11-40012-01-KES, 2011 WL 1833008, at *1 (D.S.D. May 13, 2011) (finding that joinder was proper in multiple-victim case involving charges of aggravated sexual abuse of an adult, incest, and sexual abuse of a minor).

Next, the evidence on all eight counts seemingly overlaps because Rules 413 and 414 of the Federal Rules of Evidence make evidence that a defendant committed a similar sexual assault or child molestation admissible in a case such as this one. Rules 413 and 414 allow the jury to consider other sexual assault and child molestation evidence "on any matter to which it is relevant," Fed. R. Evid. 413(a), including the defendant's propensity to commit sexual assault, United States v. Holy Bull, 613 F.3d 871, 873 (8th Cir. 2010); United States v. Gabe, 237 F.3d 954, 959-966 (8th Cir. 2001). Evidence offered under Rules 413 and 414 is subject to Rule 403, but courts must conduct the Rule 403 balancing test in a manner that allows Rule 413 and 414 to have their "intended effect." United States v. Withorn, 204 F.3d 790, 794 (8th Cir. 2000) (quoting United States v. Mound, 149 F.3d 799, 800 (8th Cir. 1998)). Without hearing any evidence concerning Counts I through VIII, this Court is unable to make a definitive ruling under Rules 413 and 414. However, given the above-mentioned similarities between all counts, as well as the "strong legislative judgment" that evidence of other claimed sexual assaults "should ordinarily be admissible," United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997), evidence concerning Counts I through V probably would be admissible in a trial on Counts VI through VIII (and vice versa).

Finally, the almost four year time period between the alleged sexual abuse of J.T.E. ending in July of 2011 and the alleged sexual abuse of S.J. beginning in June of 2015 is not so great that joinder is improper. The time period between offenses is considered not in isolation but in relation to the similarity of offenses and the possibility of evidentiary overlap. Rodgers, 732 F.2d at 629–30. Because Counts I through VIII are of similar character and evidence of each offense will likely be admissible to prove the other offenses, the four-year gap between the end of Counts I through V and Counts VI through VIII is short enough to justify joinder. See United States v. Davila, No.

12-3579, 2013 U.S. App. Lexis 13476, at *7–9 (8th Cir. May 17, 2013) (unpublished per curiam opinion) (upholding joinder of offenses occurring nearly nine years apart where offenses were of the same character and the evidence of each offense would be admissible in a trial on the other); Bruguier, 2011 WL 1833008, at *2 (holding that charge for sexual abuse of a minor could be joined with sex offenses occurring five years later because all charges were similar and evidentiary overlap was likely).

## II. Severance under Rule 14(a)

Belt argues that joinder of the offenses is prejudicial under Rule 14(a) and that Counts I through V should therefore be severed from Counts VI through VIII. Rule 14(a) allows courts to sever counts joined in the same indictment if joinder of the counts appears to prejudice the defendant. Fed. R. Crim. P. 14(a). As the Eighth Circuit has repeatedly recognized, however, "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." McCarther, 596 F.3d at 442; see also United States v. Steele, 550 F.3d 693, 702 (8th Cir. 2008). Because the evidence concerning Counts I through V would likely be admissible at a separate trial on Counts VI through VIII, Belt cannot show the requisite prejudice under Rule 14(a).

## III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Belt's Motion to Sever under Rule 8(a) and 14 of Federal Rules of Criminal Procedure, Doc. 55, is denied.

DATED this 25th day of October, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

5